## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL KENNEDY,                               )
30908 Cedar Drive                              )
Princess Anne, Maryland 21853                  )
                                               )
                    Plaintiff,                 )
                                               )        **RDB14CV3971**
         V.                                    )    CASE No. _____
                                               )
SRA ASSOCIATES OF NEW JERSEY, INC.,            )
also *dba* SRA ASSOCIATES, INC.,               )        _____ FILED    _____ ENTERED
401 Minnetonka Road                            )        _____ LOGGED   _____ RECEIVED
Hi-Nella, New Jersey 08083                     )
                                               )            DEC 19 2014
                    Defendant.                 )
                                               )              AT BALTIMORE
_____)        CLERK, U.S. DISTRICT COURT
                                                            DISTRICT OF MARYLAND

                                               BY _____ DEPUTY

## COMPLAINT

I.     Jurisdiction in this case is based on:
[ XX ] Federal question (suit is based upon a federal statute or provision of the United States
       Constitution).
[ XX ] Diversity (none of the defendants are residents of the state where plaintiff is a resident).
[ XX ] Other (explain) *Telephone Consumer Protection Act ("TCPA") of 1991* and the State of

*Maryland Telephone Consumer Protection Act ("MTCPA").*

_____

A.     Introduction.

       The plaintiff, Michael Kennedy, acting *pro se*, brings this action for violation of the
*Telephone Protection Act* (hereinafter "TCPA"), *47 U.S.C. § 227, et seq.*, and the State of
*Maryland Telephone Consumer Protection Act* (hereinafter "MTCPA"), *Md. Commercial Law
Code Ann. §§ 14-3201* and *14-3202* (2012), to obtain monetary civil penalties and injunctive or
other relief for defendants' violations of the MTCPA and the TCPA Acts. As fully set forth in
the complaint, Defendant engaged in a pattern or practice of telephone calls to Plaintiff's cellular
telephone, utilizing a predictive and/or automated telephone dialing system (hereinafter "ATDS")
to place calls to plaintiff's cellular telephone answering system, in violation of the TCPA, and
the regulations set forth in *47 C.F.R. § 64.1200* and under the MTCPA.   *Id.*   Plaintiff

commences this action to enjoin such calls and to recover damages and or civil penalties for each violation.

B.    Jurisdiction and Venue.

(1.)    This Court has jurisdiction over this matter under *28 U.S.C. §§ 1331, 1337(a), 1345*, and *1352*.

(2.)    Venue is proper in the United States District Court for the District of Maryland under *28 U.S.C. §§ 1391(b) - (c)* and *1395(a)*.

(3.)    Plaintiff further invokes the pendent jurisdiction of this Court.

C.    Parties.

(1.)    The Plaintiff in this action is Michael Kennedy, who presently resides at 30908 Cedar Drive, Princess Anne, Maryland 21853.

(2.)    The Defendant in this action is SRA Associates of New Jersey, Inc., also *dba* SRA Associates, Inc., a for-profit corporation formed and organized under the laws of the State of New Jersey. Its principal place of business is located at 401 Minnetonka Road, Hi-Nella, New Jersey 08083. At all times relevant to this complaint, Defendant SRA Associates of New Jersey, Inc., also *dba* SRA Associates, Inc., (hereinafter "SRA"), has transacted business in this district.

D.    The Complaint In This Matter Is Timely Filed.

The statute of limitations for filing a TCPA and or MTCPA action in accordance with the state laws of Maryland for a comparable civil action is four-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. *28 U.S.C. § 1658(a)*. The material documents and factual evidence supporting the instant action became known to Plaintiff in late September 2014. The complaint in this matter is therefore timely filed.

E.    Trial Demand.

The Plaintiff in the above-captioned complaint, Michael Kennedy, demands a trial by jury in this matter.

II.                              Summary of Complaint

(1)    Automatic dialing phone systems are capable of delivering a large number of artificial or prerecorded voice messages to homes and businesses in a short period of time. For

this reason, such systems have been used for a wide variety of commercial and non-commercial purposes. However, due to the privacy and public safety concerns raised by the use of these dialing systems, Congress, as well as the Maryland legislature, enacted the TCPA and MTCPA respectively. The TCPA places restrictions on the use of these dialing systems and empowers the *Federal Communications Commission* (hereinafter "FCC"), to promulgate rules to achieve the purposes of the TCPA. Title *47 U.S.C. § 227(d)* of the TCPA and *47 C.F.R. § 64.1200(b)*. The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1). The term "automatic telephone dialing system" means "equipment that has the capacity — (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). An additional facet of the restrictions imposed by the TCPA is to prohibit non-telemaketing predictive calls to cell telephones without prior expressed oral consent. *Id.* at *(a)(1)(iii)*.

(2.)     Commencing on September 24th, 2014, Defendant SRA began initiating predictive or ATDS calls to Plaintiff's cellular telephone utilizing predictive or automatic dialer equipment which had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. Regardless of whether Defendant SRA was acting in a debt collector or telemarketer capacity, these calls further violated the TCPA, and conversely the MTCPA, because they were initiated without any prior oral consent, did not allow a consumer to opt out of future robo-calls during a robo-call, and did not contain the required disclosures.

(3.)     The FCC further defined "automatic telephone dialing system" to include predictive dialers. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14091-93 (July 3, 2003). "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Id.* at 14091. "As one commenter points out, the evolution of the tele-services industry has progressed to the point where using lists of numbers is far more cost effective. The basic function of such equipment, however, has not changed — the *capacity* to dial numbers without human intervention." *Id.* at

14092. SRA's predictive dialers fall squarely within the FCC's definition of "automatic telephone dialing system." *Id.*

III.                                    Factual Allegations

(4.)    Plaintiff's cell telephone number is listed on the  national "Do Not Call" registry data book.

(5.)    Defendant SRA is neither a non-profit organization nor a covered entity entitled to exemption under the provisions of *47 C.F.R. § 64.1200(a)(2)*.

(6.)    Defendant  SRA's securities filing shows that SRA uses predictive dialers which has the capacity described in the TCPA.

(7.)    Plaintiff has never had any form of business dealings nor connection with Defendant SRA prior to the filing of this complaint.

(8.)    Plaintiff has never provided nor given Defendant SRA consent, either orally or in writing, to call Plaintiff's cellular telephone utilizing a predictive dialer or ATDS.

(9.)    On or about September 24th, 2014, at approximately 8:37 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(10.)   The predictive dialer or ATDS call, as described above in ¶ 9 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(11.)   On or about September 25th, 2014, at approximately 3:24 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(12.)   The predictive dialer or ATDS call, as described above in ¶ 11 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(13.)   On or about September 29th, 2014, Plaintiff mailed a cease communication and desist contact letter to Defendant SRA.

(14.)   On or about September 27th, 2014, at approximately 10:09 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(15.)   The predictive dialer or ATDS call, as described above in ¶ 14 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(16.)   On or about September 27th, 2014, at approximately 10:09 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(17.)   The predictive dialer or ATDS call, as described above in ¶ 16 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(18.)   On or about October 2nd, 2014, at approximately 11:57 AM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(19.)   The predictive dialer or ATDS call, as described above in ¶ 18 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(20.)   On or about October 6th, 2014, at approximately 3:44 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(21.)   The predictive dialer or ATDS call, as described above in ¶ 20 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(22.)   On or about October 22nd, 2014, at approximately 3:16 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(23.)   The predictive dialer or ATDS call, as described above in ¶ 22 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(24.)   On or about November 3rd, 2014, at approximately 12:31 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(25.)   The predictive dialer or ATDS call, as described above in ¶ 24 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(26.)   On or about November 11th, 2014, at approximately 3:52 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(27.)   The predictive dialer or ATDS call, as described above in ¶ 26 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(28.)   On or about November 13th, 2014, at approximately 7:05 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(29.)   The predictive dialer or ATDS call, as described above in ¶ 28 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(30.)   On or about November 19th, 2014, at approximately 12:33 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(31.)   The predictive dialer or ATDS call, as described above in ¶ 30 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(32.)   On or about December 2nd, 2014, at approximately 2:38 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(33.)   The predictive dialer or ATDS call, as described above in ¶ 32 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(34.)   On or about December 10th, 2014, at approximately 2:57 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(35.) The predictive dialer or ATDS call, as described above in ¶ 34 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(36.) On or about December 12th, 2014, at approximately 2:31 PM, Defendant SRA utilized a predictive dialer or ATDS to initiate and deliver a call to Plaintiff's cellular telephone voice message system.

(37.) The predictive dialer or ATDS call, as described above in ¶ 36 of this complaint, did not state either the identity of the individual, business, or other entity responsible for initiating the call.

(38.) Defendant SRA's use of a predictive dialer or ATDS, to initiate and deliver calls as described above in ¶¶ 9-12 and ¶¶ 14-37 of this complaint, to Plaintiff's cellular telephone voice message system, without prior consent and regardless of the content or initiator, was a nuisance and a further invasion of Plaintiff's privacy at all times relevant to this complaint.

IV.                              Cause of Action

(39.) Defendant SRA initiated the above described calls to Plaintiff's cellular telephone voice message system, utilizing a predictive and/or ATDS, and did not obtain any prior oral consent to deliver such calls or messages to Plaintiff's cellular telephone voice message system, in violation of *47 U.S.C. § 227 et seq.* of the TCPA and *47 C.F.R. § 64.1200(b)* of the FCC rules. A violation of the TCPA constitutes, conversely, a violation of the MTCPA under Maryland State law.

(40.) Each call initiated by Defendant SRA in violation of the TCPA and the FCC rules, as identified above in ¶¶ 9-12 and ¶¶ 14-37 of this complaint, constitute a separate violation. Defendant SRA committed a total of fourteen individual violations to the actual date of the filing of this complaint.

(41.) The fourteen individual violations of the TCPA and the FCC rules, as identified above in ¶¶ 9-12 and ¶¶ 14-37 of this complaint, constitute fourteen separate violations of the MTCPA.

(42.) In its capacity as a debt collector, Defendant SRA's violations of the TCPA and its accompanying FCC rules were knowing and willful.

(43.) In its capacity as a debt collector, Defendant SRA's violations of the TCPA and its accompanying FCC rules were knowing and willful.

V.                                    Prayer for Relief

Wherefore, Plaintiff Michael Kennedy respectfully requests that this Court enter judgment against Defendant SRA, jointly and severally, on the claim alleged above and award the following relief:

  a.  A permanent injunction prohibiting Defendant SRA from future violations of the TCPA and MTCPA;

  b.  Monetary damages in the amount of $500 for each violation of *47 U.S.C. § 227 et seq.* of the TCPA contained in this complaint, as authorized by *47 U.S.C. § 227(f)(1)*, which Plaintiff requests be trebled by the Court because Defendant SRA's violations of the TCPA were knowing or willful;

  c.  Monetary damages in the amount of $500 for each violation of *47 U.S.C. § 227 et seq.* of the TCPA committed *after* the filing of this complaint, as authorized by *47 U.S.C. § 227(f)(1)*, which Plaintiff requests be trebled by the Court because Defendant SRA's violations of the TCPA were knowing or willful;

  d.  Monetary damages in the amount of $500 for each violation of *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012) of the MTCPA contained in this complaint, as authorized by *Section 13-410 (b)*, which Plaintiff requests be trebled by the Court because Defendant SRA's violations of the TCPA and MTCPA were knowing or willful;

  e.  Monetary damages in the amount of $500 for each violation of *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012) of the MTCPA committed *after* the filing of this complaint, as authorized by *Section 13-410 (b)*, which Plaintiff requests be trebled by the Court because Defendant SRA's violations of the TCPA and MTCPA were knowing or willful;

  f.  All attorney fees, *if any*, and costs of the suit; and

  g.  All other such relief as the Court may deem just and proper.

Respectfully submitted,

                     Michael Kennedy
                      Plaintiff, *pro se*

Dated this 16th day of December, 2014.

                     Michael Kennedy
                     30908 Cedar Drive
               Princess Anne, Maryland 21853
                     (443) 523-0180

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND          )
                           )          ss:
COUNTY OF SOMERSET         )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.)      I am the Plaintiff in this civil proceeding.

2.)      I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.)      I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.)      I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.)      I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL KENNEDY**, hereby declare under penalty of perjury that the foregoing is true and correct.

Michael E. Kennedy
Plaintiff, *pro se*

Dated this 16th day of December, 2014.

Michael E. Kennedy
30908 Cedar Drive
Princess Anne, Maryland 21853
(443) 523-0180